```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                       CASE NO: 2:12-cr-105-JES-NPM
                                          CASE NO: 2:13-cr-31-JES-NPM
                                          CASE NO: 2:13-cr-37-JES-NPM

JACOB FRANK SCOTT

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Compassionate Release or Reduced Sentence (Doc. #28[1]) filed on May 23, 2025. The government filed a Response in Opposition (Doc. #55) on June 6, 2025. Defendant argues that he has been subjected to torture and deliberate indifference causing irreparable injury to his vertebrae and left leg after he had spinal surgery because of transportation and care within the Bureau of Prisons after he was returned. Defendant also states that he has been in solitary confinement for 11 years and has not been eligible for a transfer or to go a step-down. (Doc. #28 at 2-5, 7.) Defendant seeks compassionate release or a reduction in his sentence.

In each of the three criminal cases, the grand jury returned an Indictment charging defendant with one count of bank robbery.

---

[1] The motion and response are filed in each of the three related cases. For ease of reference, the Court will refer to the documents in the first filed case only, unless otherwise indicated.

Defendant entered a plea of guilty in all three cases of bank robbery and was sentenced to 180 months to be served concurrently with the terms imposed in the other two cases. Defendant is currently incarcerated in Florence, Colorado, he is 42 years old and is projected to be released on July 1, 2034. Defendant has served over 12 years of his term of imprisonment. (Doc. #55 at 2.)

**A. Exhaustion**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. See 18 U.S.C. § 3582(c).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights **to appeal** a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Defendant states that he filed a tort claim and filed suit but dropped the case

because of the filing fee. (Doc. #28 at 7.) Defendant certifying that he provided the motion to prison officials on May 12, 2025. (Id. at 10.) The government argues that the Court lacks jurisdiction as 30 days have not yet passed since the date that he alleges he provided his compassionate release request to prison officials. (Doc. #55 at 1.) For this reason alone, the Court will deny the motion for failure to exhaust. Alternatively, the Court will consider the motion assuming defendant exhausted his administrative remedies.

### B. Extraordinary & Compelling Circumstances

The Court may not modify a term of imprisonment after it is imposed, except on motion *after exhaustion* of all administrative rights with the BOP, if it finds: (A)(i) "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (B) "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual. Section 1B1.13(b) provides that extraordinary and compelling reasons exist if defendant is: (1) suffering from a terminal illness; (2) suffering from a serious physical or medical condition; (3)

suffering from a medical condition that requires long-term or specialized medical care; (4) serving an unusually long sentence and has served at least 10 years of the term; or (5) other extraordinary and compelling reasons other than, or in combination with the aforementioned reasons, and even if defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment. U.S.S.G. § 1B1.13(b). Defendant must also not be a danger to the safety of any other person or to the community. Id., §1B1.13(a)(2). If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors. United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020).

Defendant was scheduled for a loosening of hardware in his spine in April 2024, a "two-level posterior and transforaminal lumbar interbody fusion." (Doc. #28-1 at 9.) A follow up encounter after returning from the hospital showed continued pain and was provided a walker and a shower chair. (Doc. #56-1 at 120.) Defendant argues that he was required to deny any complications on his ride back to prison. (Doc. #28-1 at 10.) There was a problem with the surgery requiring a revision that would explain the left leg pain and the extreme pain. (Doc. #56-1 at 102, 110; Doc. #28-1 at 13.) Defendant required physical

therapy and pain management. (Doc. #28-1 at 11.) The government notes that it has been a year without further loosening or misalignment, and he continues to receive medical treatment while tapering narcotics. (Doc. #55 at 9; Doc. #28-1 at 15.) As of May 2025, defendant is still receiving medication for his pain, and he can stand up almost completely straight. (Doc. #56-3 at 1.)

While defendant may or may not have had his spinal issues aggravated by transport, the Court does not find that the circumstances amount to an extraordinary and compelling circumstance to reduce his sentence.

### C. Danger to the Community

The government notes that defendant was convicted of several felony offenses prior to the bank robberies. Defendant had a history breaking and entering, larceny. (Presentence Report, ¶¶ 63, 67, 69, 72, 74, 77.) Defendant also showed a history of violating terms of his probation. (Id. at ¶¶ 67, 69, 71, 72, 74-76.) Defendant's past criminal history placed him at a criminal history category of VI. (Id. at 81.)

Considering defendant's more recent behavior, the government indicates that defendant has received numerous infractions during his incarceration, including using dangerous weapons causing injuries, assault, starting a fire, and fighting with other inmates. Defendant's actions also resulted in new federal convictions. (Doc. #55 at 10.)

**D. Conclusions**

After considering the applicable factors provided in 18 U.S.C. § 3553(a), including the seriousness of the underlying multiple offenses of bank robbery and the behavior while incarcerated, and the applicable policy statements issued by the Sentencing Commission, the motion will be denied because defendant has not established an extraordinary and compelling reason to grant relief, even assuming he had exhausted his administrative remedies.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Compassionate Release or Reduced Sentence, filed in each of the three cases, is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of July 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record